Davies, J.
It is impossible to distinguish this case from that of Herring v. Hoppock (15 N. Y., 409). The doctrine laid down in that case is decisive of the present. The arrangement there in all its essential features, was like that in this case. It was then held that wherever there is-a condition precedent attached to a contract of sale of personal property, and the condition is not waived by-an absolute and unconditional delivery, no title passes to the vendee until he performs .the condition or the holder waives it. In this case there was such a condition precedent, and the delivery of the horse to Vandermark was not absolute, and it follows that no title passed to him. . The sale, therefore, of the horse on the execution against Vandermark, and the purchase thereof by the appellant, transferred no title to the horse to him, for the reason that Vandermark had no such title as was subject to levy and sale on execution An absolute transfer by Vandermark to another having full knowledge of the character of his possession and of the arrangement with,the plaintiff, would have passed no title to the horse. At the extent, Vandermark’s assignee would have'Only acquired the rights which he had under the arrangement with the plaintiff, and if he did. not pay the price agreed on, on the day named, such assignee would have been bound to restore the possession of the horse to the plaintiff.
Heither did the appellant acquire' any title to the plaintiff’s horse by the recovery of the judgment against him by Vandermark, and his payment of that judgment. By the arrangement with the plaintiff, Vandermark was entitled to the use and possession of the horse, until the 1st of November, 1851. If the appellant'wrongfully disturbed that possession, and de *592 prived Yandermark of such use,-unlawfully, he of course subjected himself to such damages as Yandermark sustained by reason of his wrongful acts. The recovery and-payment of such damages, in no way impaired or affected the plaintiff’s rights. The proceedings in that suit, were as to him res inter alios acta, and the circumstance that he was a witness on the trial, in no sense concluded him, by any determination made in the case, I see no reason for doubting the correctness of the judgment of the Supreme Court, and I am in favor of its affirmance with costs.
Marvin, J. Herring v. Hoppock (15 N. Y., 409), is an authority to show that the plaintiff, Hasbrouek, could maintain an action against the defendant after the first of November, Yandermark having failed to pay the price of the horse, but it is not authority to show that he could maintain the action at the time Yandermark sued Lounsbury. Hasbrouek, at that time, had no. right to the possession of the horse, and to maintain an action for conversion the plaintiff must have a general or special title, and must have the right to the immediate possession.
.What relation to the property did Yandermark sustain ? He had by his contract secured the absolute right to the possession and enjoyment of the horse until the 1st of November, and also the right of uniting the title with the possession, by paying the stipulated price. He had a special property in the horse, and this, I think, was sufficient to bring him within the provision of the exemption statute. (2 R. S., p. 367, § 23.) He owned the horse as a team, within the meaning of the statute. Hence, I think he had a cause of action against Lounsbury, not as a bailee of the horse, but as owner, needing it for a team, and his condition being such as the statute specifies. But suppose he had not been a householder, or had had another team, could he have maintained the action against Hasbrouek ? I suppose not. The judgment and execution would have been a complete bar as to him. He could, however, have maintained an action against a mere naked wrongdoer, upon his own interest *593 and title. I apprehend, however, that he could not have maintained an action against Lounsbury upon the relation pimply of bailor and bailee, that is, simply upon the ground that he was the bailee of Hasbrouck. The execution would have been an answer to such action. I think no case can be found where a simple bailee of property has ever maintained an action against one who has taken the property from his possession on an execution against him. The judgment and execution would, in such a case, estop him, and the owner, the bailor, would be the only person who could maintain the action.
As I have already said, Yandermark’s action was well founded. It was sustainable upon the ground that he owned the horse as a team, and the statute forbade its sale on execution. What should have been the amount of his recovery is another question, which it is not necessary for us to consider in this case, though I may say that, in my opinion, he should only have recovered the value of his special property, which was first a right to the horse until the first of ¡November, and also a right to title absolute, on his paying $65. It is not . material in this case whether the verdict in that case was too large. But if it were material, how can we say that it was more than the value of Yandermark’s special property in the horse. The verdict was $60. In this action, commenced in December following, the verdict was $100. Yandermark, by his contract, had secured the right to the title on paying $65, and his interest in the horse may therefore have been $35, besides the value of the horse through the whole summer. But let us waive all this, and inquire as to.the relations between Hasbrouck and Yandermark. It is claimed that they were simply bailor and bailee, and that either of them could have maintained the action; I think I have shown that Hasbrouck could not maintain the action until after the first of ¡November, and not then, except upon a neglect to pay the stipulated price; and I have endeavored to show that Yandermark could not, as bailee, have maintained the action. In *594 other words, if. he had simply been a bailee of the property he could not have maintained the action.
Did the relation of bailor and bailee exist between Hasbrouck and Vandermark ? The contract, in my opinion, established a relation between the parties quite different from that of bailor and bailee, or, in other words, there is an element in the case not to be found in that of bailor and bailee, to wit: a sale by Hasbrouck to Vandermark, condititionally.
The judgment of the'Supreme Court should be affirmed.
Denio, Ch. J., Wright and Selden, Js., concurred.